08-4423-cv
The Estate of Theodore Lipin et al. v. Joan C. Lipin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of March, two thousand ten.**

PRESENT:
> JOSEPH M. McLAUGHLIN,
> > *Circuit Judge*,
> KIMBA M. WOOD,[*]
> > *District Judge*.[**]

_____

The Estate of Theodore Lipin, Robert G. Lipin, and Ann Susan Markatos,
> > *Plaintiffs-Appellees*,
> > > v.                                                            08-4423-cv

Joan C. Lipin,
> > *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:            Joan C. Lipin, *pro se*, New York, N.Y.

FOR PLAINTIFFS-APPELLEES:           David A. Berger, Allegaert Berger & Vogel LLP, New York, N.Y.

---

[*]   The Honorable Kimba M. Wood, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

[**]   The Honorable Rosemary S. Pooler, originally a member of the panel, did not participate in consideration of this appeal. The two remaining members of the panel, who are in agreement, have determined the matter.  *See* 28 U.S.C. § 46(d); 2d Cir. Internal Operating Procedure E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *Judge*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **VACATED** and the matter **REMANDED** with instructions.

Appellant Joan C. Lipin, *pro se*, appeals from a judgment[1] of the district court "dismissing" for lack of subject matter jurisdiction the state court action she removed to federal court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, upon consideration of the arguments raised therein, Lipin's pending motion to file her reply brief is hereby **GRANTED**, and her pending motion for reconsideration of a March 2009 order of this Court regarding subpoenas served on Lipin is hereby **DENIED**, because it has no basis in law.

Generally, with respect to a removed case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*" back to state court. 28 U.S.C. § 1447(c) (emphasis added). This Court lacks jurisdiction to review such "remand" orders. *See id*. § 1447(d). However, the district court here "dismissed" the action for lack of subject matter jurisdiction. Accordingly, we have jurisdiction to review the dismissal, and we review district court rulings on subject matter

---

[1] Although no separate judgment was entered in this matter, the dismissal order was entered in July 2008. Under the 2002 amendments to Federal Rule of Civil Procedure 58 and Federal Rule of Appellate Procedure 4(a)(7), if a required separate judgment is not entered, it is deemed to have been entered 150 days after entry of the dispositive order.

jurisdiction de novo.  *See SEC v. Berger*, 322 F.3d 187, 191 (2d Cir. 2003).

There is no federal question jurisdiction over the removed action.  *See* 28 U.S.C. § 1441(b); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  However, we cannot determine on the present record whether diversity jurisdiction exists.  *See* 28 U.S.C. §§ 1332 and 1441(b).  Accordingly, we **VACATE** the district court's judgment and **REMAND** the matter with instructions for the district court to conduct further proceedings to determine whether remand to state court is appropriate.  *See United Food & Commercial Workers Union, Local 919 v. CenterMark Props.*, 30 F.3d 298, 305-06 (2d Cir. 1994); *see also* 28 U.S.C. §§ 1332, 1441 and 1447(c).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk